# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RICHARD T. MURPHY,** | **CASE NO. 1:98CR220** |
| | **1:16CV1726** |
| **Petitioner,** | **JUDGE JOHN R. ADAMS** |
| v. | |
| **UNITED STATES OF AMERICA,** | **ORDER AND JUDGMENT ENTRY** |
| **Respondent.** | |

The instant matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 95. The petition is DENIED.

The sole issue presented in the pending § 2255 motion is Petitioner's contention that the residual clause of the career offender enhancement in the sentencing Guidelines is unconstitutional. The Supreme Court has resolved this issue:

> This Court held in *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. Petitioner contends that the Guidelines' residual clause is also void for vagueness. Because we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, we reject petitioner's argument.

*Beckles v. United States*, 137 S. Ct. 886, 890 (2017). Accordingly, this Court similarly rejects Petitioner's identical argument.

1

**III. CONCLUSION**

For the foregoing reasons, Petitioner Richard Murphy's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: April 14, 2017  /**s/** *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**